1 WILLIAMS, J.,
dissenting
I respectfully dissent from the opinion of the majority.
A corporate officer owes a duty to a third person having a contractual relationship with the corporation to refrain from acts intentionally causing the company to breach the contract, unless the officer has reasonable justification for his act. The officer’s action is justified if he acted within the scope of his authority and with the reasonable belief that his action was for the benefit of the corporation. 9 to 5 Fashions, Inc. v. Spurney, 538 So.2d 228 (La.1989).
In the present case, Turner and Wind-ham assert that their refusal to dissolve the partnership was justified because they relied on legal advice. Their attorney stated in his affidavit that he had advised NLRH that dissolution would not be in the best interest of the corporation because in his opinion the State would then be more likely to seek recovery of the overpay-ments alleged by the OIG. However, the defendants did not present the evidentiary basis for this opinion or any other evidence which tended to show that their refusal to dissolve the corporation would reduce the likelihood that the State would pursue collection of Medicaid overpayments. Thus, the assertion that defendants breached the settlement contract based upon legal advice does not address the issue of whether the legal opinion was sufficient to support a reasonable belief by defendants that their breach of the contract benefitted the corporation.
This lack of evidence will require the trier of fact to weigh the credibility of the witnesses and evaluate conflicting testimony to determine the factual issue of whether Turner and Windham possessed a reasonable [¡.basis for the belief that they were acting for the benefit of the corporation in deciding against dissolving the partnership in accordance with the settlement. Summary judgment is not appropriate in situations involving issues of credibility. Smith v. Lynn, 32,093 (La.App.2d Cir.8/18/99), 749 So.2d 692.
Based upon this record, I must conclude that Turner and Windham have failed to satisfy their burden to establish the lack of a genuine issue of material fact with regard to the issue of whether their decision to breach the contract to dissolve the partnership was justified. Consequently, that part of the judgment dismissing plaintiffs claim against Turner and Windham alleging intentional interference with the settlement agreement should be reversed.